MOORE *vs.* ROBERSON, sheriff

Jurisdiction as to issuing writs of *habeas corpus* and adjudicating thereon is not conferred by the Code upon the court of ordinary, but upon the ordinary. In hearing and determining such writs, the ordinary acts as an inferior judicatory, or special *habeas corpus* court For this reason the constitution of 1877, by restricting the jurisdiction of courts of ordinary in some respects to "county matters," does not terminate or withdraw the statutory power of the ordinary, previously granted, to preside on the return of writs of *habeas corpus*.

*Habeas corpus.* Ordinary. Jurisdiction. County Matters. Before Judge HARRIS. Wayne County. At Chambers. April 3, 1879.

Moore applied for the writ of *habeas corpus* requiring Roberson, the sheriff of Wayne county, to show cause why he should not surrender to petitioner the possession of certain minors, petitioner's children. The writ was issued, and Roberson replied that he held the minors for the purpose of carrying out the judgment of the ordinary of said county on a proceeding by *habeas corpus* instituted by Mary A. Moore. To this answer the petitioner demurred, upon the ground that the ordinary had no jurisdiction to issue the writ of *habeas corpus*, or to hear and determine the same, and therefore his judgment was a nullity. Judge HARRIS, of the superior court, overruled the demurrer and refused the discharge, whereupon the petitioner excepted.

SYMMES & ATKINSON; S. W. HITCH, for plaintiff in error.

JOHN D. RUMPH; MERSHON & SMITH, for defendant.

BLECKLEY, Justice.

The first section of the sixth article of the constitution of 1877 reads thus: "The judicial powers of the state shall be vested in a supreme court, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law." The sixth section of the same article is in these words: "The powers of a court of ordinary, and of probate, shall be vested in an ordinary for each county, from whose decision there may be an appeal (or, by consent of parties, without a decision) to the superior court, under regulations prescribed by law. The courts of ordinary shall have powers in relation to roads, bridges, ferries, public buildings, paupers, county officers, county funds, county taxes, and other county matters, as may be conferred on them by law. The ordinary shall hold his office for the term of four years, and until his successor is elected and qualified." The twelfth article of the constitution, after declaring as the supreme law the federal constitution, stat-

utes and treaties, and as next in authority the constitution itself, proceeds thus : "In subordination to the foregoing,. all laws now of force in this state, not inconsistent with this constitution and the ordinances of this convention, shall remain of force until the same are modified or repealed by the general assembly." When the constitution was adopted the ordinary had power, by virtue of an act passed in 1868, (amended in 1872), to issue and adjudicate upon writs of *habeas corpus,* except in cases of persons charged with felony. Code, §4011. This was a power, not vested in the court of ordinary, but vested in the ordinary as an inferior judicatory, or special *habeas corpus* court. See 34 *Ga.,* 91. It is contended that the sixth section of the sixth article of the constitution, above quoted, is inconsistent with the act of 1868, because the subjects of jurisdiction appertaining to the court of ordinary are all enumerated, none of which can be construed to embrace writs of *habeas corpus.* Grant that it would be incompetent for the legislature to give to. the court of ordinary the power to issue or adjudicate upon such writs, it would not follow that the ordinary could not be invested with such power. And this latter having been done before the constitution was adopted, we see not why the provision is not still in force. There is not the least incompatibility in confining the court of ordinary to the several enumerated subjects of jurisdiction, and at the same time constituting the ordinary a special court to deal with cases of *habeas corpus* as they may, from time to. time, chance to arise.

Judgment affirmed.