## BURDEN *et al. v.* BARRON.

Certiorari, and not appeal, is the proper remedy to bring under review the decision of an ordinary rendered in a habeas-corpus proceeding.
No. 3072.   DECEMBER 15, 1922.

Appeal.   Before Judge M. D. Jones.   Bibb superior court. January 19, 1922.

*R. D. Feagin* and *W. E. Martin,* for plaintiffs in error.

*Thomas A. Jacobs Jr.,* contra.

BECK, P. J. This was a habeas-corpus proceeding to recover, in the court of ordinary sitting as a habeas-corpus court, the custody of a minor child alleged to be in the possession of the defendants. The court awarded the child to petitioner; and the defendants, the plaintiffs in error here, entered an appeal from the

decision to the superior court. When the case came on for hearing in the superior court, upon the motion of counsel for the petitioner the appeal was dismissed for the reason that an appeal was not an available remedy to review the judgment of the ordinary in a habeas-corpus case; and the judgment sustaining this motion to dismiss was excepted to by the defendants.

The court below did not err in holding that the appeal should be dismissed. Counsel for plaintiffs in error urge, in support of their contention, that the judgment was erroneous; that under the broad language of section 5011 of the Civil Code, allowing appeals from the court of ordinary, the appeal was the proper remedy. The provision, in part, of section 5011 is: "In all cases in the court of ordinary, the party desiring to appeal . . shall pay costs, give bond and security, . . and this being done, the appeal shall be entered." And in section 5010 provision is made for appeals in forma pauperis. The provisions of these two sections, however, do not bear out the contention of the plaintiffs in error, for the reason that they relate to appeals in cases heard and tried in the court of ordinary, and the court of ordinary sitting as a habeas-corpus court is a different judicatory from the court of ordinary in its usual and general sense. In the case of *Moore* v. *Roberson,* 63 *Ga.* 506, it is said: "When the constitution was adopted the ordinary had power, by virtue of an act passed in 1868 (amended in 1872), to issue and adjudicate upon writs of habeas corpus, except in cases of persons charged with felony. Code, § 4011. This was a power, not vested in the court of ordinary, but vested in the ordinary as an inferior judicatory, or special habeas-corpus court. See 34 *Ga.* 91." It is not contemplated in our statutes that the habeas-corpus proceedings should be heard before a jury. If an appeal was allowable from the habeas-corpus court to the superior court, the case would necessarily be tried by a jury. In the case of *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739), it is said that "there is no such thing in this State as a habeas-corpus court eo nomine; and that when the judge of a superior court passes upon an application for habeas corpus he is proceeding in a case pending in his court, and a writ of error will lie to the Supreme Court, under the Civil Code." Though this decision does say there is no such thing as a habeas-corpus court eo nomine, nevertheless there is nothing in this decision that holds

that when a habeas-corpus case is heard by an ordinary or by a judge of the superior court it is a case pending or a case tried in the court of ordinary or in the superior court. In some of the decisions it is true the term "court of ordinary" is employed in speaking of the trial of cases before the ordinary sitting as a habeas-corpus court, or, if that expression is technically objectionable, sitting for the purpose of hearing habeas-corpus proceedings. But there is no case to which our attention has been called, or which we can find, that holds that in a proceeding before the ordinary hearing habeas-corpus proceedings the judgment rendered in such proceedings or the hearing thus had is a case in the court of ordinary. And the provisions of the Code allowing appeals from the court of ordinary do not cover the case here under consideration, and there is no provision in our statute made for an appeal from the decision rendered in such case. The court, therefore, did not err in dismissing the appeal.

*Judgment affirmed. All the Justices concur.*